NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MHA, LLC d/b/a Meadowlands Hospital Medical Center,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS HEALTHCARE DIAGNOSTICS, INC., *et al.*<br><br>Defendants. | Civil Action No.: 15-1573 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Pending before the Court are motions to dismiss the Second Amended Complaint ("SAC") filed on behalf of Defendant Inpeco S.A. ("Inpeco") (ECF No. 54) and Defendant Siemens Healthcare Diagnostics Ltd ("Siemens UK") (ECF No. 57) (collectively, the "Moving Defendants"). Plaintiff MHA, LLC, doing business as Meadowlands Hospital Medical Center (the "Hospital" or "Plaintiff") has opposed both motions (ECF Nos. 66, 68), and the Moving Defendants have replied to same (ECF Nos. 70, 71). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons stated below, the Court grants the Moving Defendants' motions to dismiss the claims against them.

This matter arises out of a series of agreements entered into between Plaintiff Hospital and Defendant Siemens Healthcare Diagnostics, Inc. ("Siemens US") and Siemens Diagnostics Finance Co., LLC ("SDFC"), pertaining to the sale and lease of certain medical equipment. (*See* ECF No. 35, Second Amended Complaint ("SAC") ¶¶ 20, 29). In short, Plaintiff alleges that a particular piece of diagnostic equipment, known as the StreamLab device, failed to function as

1

intended soon after Defendant Siemens US installed the device at the Hospital. (Id. ¶¶ 29-36). Thereafter, a dispute arose between Siemens US and the Hospital relating to, *inter alia*, the Hospital's refusal to renew its contract over the StreamLAB device. (Id. ¶¶ 41-48). Then, on January 9, 2014, counsel for Siemens US advised the Hospital of its "inten[t] to withhold the delivery of reagents and other products to MHA." (Id. ¶ 55).

In response to counsel's letter, on February 12, 2015, Plaintiff filed a Verified Complaint against Siemens US seeking temporary restraints in the Superior Court of New Jersey, Chancery Division. (ECF No. 1-2). The Honorable Judge Hector R. Velazquez entered an order to show cause with temporary restraints, directing Siemens "to fulfill orders for reagent and other products and supplies pursuant to its contracts with [P]laintiff." (ECF No. 1-3). Prior to the show cause hearing scheduled before Judge Velazquez, Siemens US removed this action to Federal Court on the grounds of diversity and federal question jurisdiction. (ECF No. 1, "Notice of Removal" ¶¶ 7-13). On December 21, 2015, the undersigned entered an Opinion and Order granting Siemens US's motion to lift temporary restraints with respect to any and all non-critical reagents and supplies, and directing Siemens US to continue to provide all critical reagents and supplies that the parties have contracted for. (ECF Nos. 25, 26).

Plaintiff filed the operative Second Amended Complaint on April 19, 2016. (ECF No. 35). In the SAC, Plaintiff names Siemens UK and Inpeco as additional Defendants. (Id.). The SAC identifies Siemens UK as a "UK Limited Company" that is "involved in the delivery and sale of reagents pursuant to the Master Agreement." (Id. ¶¶ 405). According to Plaintiff, Inpeco is a Swiss corporation that "manufactured the defective StreamLab device [in Switzerland] on behalf of the defendant Siemens [US]." (id. ¶¶ 8, 9, 29, 64).

On October 28, 2016, Inpeco and Siemens UK filed separate motions to dismiss the claims

against them, arguing that this Court lacks personal jurisdiction over them and that, in any event, the SAC fails to state a claim against them. Plaintiff has filed opposing briefs, and has also moved to stay the motions to permit the parties to engage in jurisdictional discovery. (*See* ECF No. 78). On January 3, 2017, Magistrate Judge Joseph A. Dickson denied without prejudice Plaintiff's motion to stay the pending motions, and denied Plaintiff's request for jurisdictional discovery without prejudice. (ECF No. 78). Judge Dickson further directed Plaintiff to file a letter with the Court articulating what discovery it deems necessary to properly defend against the Moving Defendants' motions to dismiss for lack of personal jurisdiction. (Id.). Pursuant to Judge Dickson's order, Plaintiff's counsel filed a letter enumerating the jurisdictional discovery that he requests on January 9, 2017. (ECF No. 79).

Having reviewed the SAC, as well as all papers filed in support of and in opposition to the pending motions, the Court finds that the SAC is plainly deficient in that it fails to adequately apprise the Moving Defendants as to the claims asserted against them. It is a threshold pleading requirement that a complaint contain, *inter alia*, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without a clear understanding of which claims, if any, have been brought against each of the Moving Defendants, the Court cannot engage in any meaningful analysis under Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction) or 12(b)(6) (failure to state a claim).

Although Plaintiff's SAC purports to assert eight separate causes of action, the pleading is markedly devoid of any allegations of wrongdoing as against either Siemens UK or Inpeco. Indeed, the only substantive references to Siemens UK in the SAC appears in connection with

Plaintiff's claim for false designation of origin. (SAC ¶¶ 105-113). Specifically, Plaintiff states that

> [t]he packaging for Siemens diagnostics reagents identifies that the diagnostic cartridge is "Made in: USA" then lists the address 'Siemens Healthcare Diagnostics, Inc., 500 GBC Drive, Newark, DE 19714" however then another name and address appears for Siemens UK on the same package "Siemens Healthcare Diagnostics Ltd. Sir William Siemens Sq. Frimley, Camberley, UK GU16 8QD."

(SAC ¶ 109). Plaintiff further states that "[n]either Siemens [US] nor Siemens UK manufactures the actual reagent solutions that are in the cartridges." (Id. ¶ 110). Yet, Plaintiff fails to allege that Siemens UK made any misrepresentations; rather, Plaintiff appears to attribute any misrepresentations to Siemens US alone, alleging that Siemens US mislabeled its product (id. ¶ 112) and that Siemens US's misconduct has injured the Hospital (id. ¶ 113). In the absence of clear allegations aimed specifically at Siemens UK, the Court declines to speculate as to which claims are being asserted against that Defendant.

Plaintiff's allegations as to Defendant Inpeco are likewise deficient. In Count II of its SAC, the Hospital alleges that Inpeco manufactured the StreamLab equipment in Switzerland (id. ¶ 64) and that "[t]he StreamLab equipment was delivered by Siemens [US] and Inpeco to [the Hospital] in violation of the warranty created by Siemens' agreement with Meadowlands together with the implied warranties" (id. ¶ 65). Despite these allegations, the SAC falls short of actually asserting a claim against Inpeco for breach of contract under Count II or for any other cause of action. In other words, Plaintiff has failed to connect the dots between its assertions that Inpeco manufactured and delivered the StreamLab equipment to any claim for breach of warranty.

Moreover, Plaintiff does not appear to seek any relief as against any particular Defendant. (*See* SAC at 20). Under a heading of the SAC titled "Prayer for Relief," Plaintiff requests an entry of "judgment for Plaintiff on all counts of this Complaint for all available remedies at law or in

4

equity," and goes on to identify particular relief sought. (Id.). Plaintiff has not identified which relief is sought as against which named Defendants. *See* Fed. R. Civ. P. 8(a)(3).

In light of these pleading deficiencies, the Court cannot meaningfully address the Moving Defendants' arguments that this Court lacks personal jurisdiction over these entities or that Plaintiffs have failed to state a claim, as both analyses are claim-specific. That said, the aforementioned shortcomings do not foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint. Accordingly, the Court will dismiss the claims asserted against the Moving Defendants without prejudice. To the extent Plaintiff wishes to file yet another amended pleading, Plaintiff shall make the appropriate motion to do so.

For the reasons stated herein, the Moving Defendants' motions to dismiss the claims asserted against them in the SAC are hereby granted. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: January 11, 2017

JOSE L. LINARES, U.S.D.J.