NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MHA, LLC, d/b/a MEADOWLANDS HOSPITAL MEDICAL CENTER,<br><br>    Plaintiff,<br><br>v.<br><br>SIEMENS HEALTHCARE DIAGNOSTICS, INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO. 15-1573 (JLL)<br><br>O P I N I O N |

**LINARES, District Judge**

In the second amended complaint, the plaintiff — MHA, LLC, d/b/a Meadowlands Hospital Medical Center (hereinafter, "MHA") — asserts the following eight causes of action against the remaining defendant in the action, Siemens Healthcare Diagnostics, Inc. (hereinafter, "SHDI"):

(1) violation of the Magnuson-Moss Warranty Act (hereinafter, "the MMWA"), 15 U.S.C. § 2301 et seq.;

(2) violation of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin;

(3) violation of the Lanham Act, 15 U.S.C. § 1125(a), for false advertising;

(4) unfair competition under New Jersey common law;

(5) violation of the New Jersey Consumer Fraud Act (hereinafter, "the NJCFA");

(6) breach of contract;

(7) breach of warranty; and

(8) breach of the implied covenant of good fair and fair dealing.

(See dkt. 35.)[1]

SHDI moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(c) for judgment on the pleadings in its favor as to all of the claims asserted against it in the second amended complaint. (See dkt. 69 through dkt. 69-3; dkt. 85.) MHA has filed opposition to the motion. (See dkt. 82.)

The Court resolves the motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court: (1) grants the motion in part; (2) administratively terminates the motion in part without prejudice; and (3) directs the parties to show cause why the action insofar as it concerns state law claims should be remanded to state court.

## BACKGROUND

The Court presumes that the parties are familiar with the factual context and the procedural history of the action, which have been set forth at length in two earlier Opinions, and thus the Court will only set forth a brief summary here. (See dkt. 25 &

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

dkt. 26 (an Opinion and an Order dated December 21, 2015); dkt. 80 & dkt. 81 (an Opinion and an Order dated January 11, 2017).)

MHA alleges that a particular piece of diagnostic equipment (hereinafter, "the Device") that it leased from SHDI failed to properly function soon after SHDI installed the Device at MHA's hospital. Disputes then arose concerning MHA's refusal to renew its contract with SHDI over the Device, and SHDI's subsequent threat to withhold the delivery to MHA of certain necessary reagents and other products.

MHA filed the complaint and the first amended complaint in state court. The action was then removed to federal court: (1) on the basis of diversity of citizenship, see 28 U.S.C. § 1332; and (2) due to the assertion of the MMWA claim. See 28 U.S.C. § 1331; see also 28 U.S.C. § 1367(a) (providing that a federal court may exercise supplemental jurisdiction over state claims that are related to federal claims). (See dkt. 1 at 2–5.)

## LEGAL STANDARD

Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. See Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290–91 (3d Cir. 1988)). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. See Rosenau, 539 F.3d at 221. Furthermore, even though a motion for

judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). See Szczurek v. Prof'l Mgmt. Inc., 627 Fed.Appx. 57, 60 (3d Cir. 2015) (citing Revell v. Port Auth. of N.Y. & N.J., 598 F.3d 128, 134 (3d Cir. 2010)).

## DISCUSSION

### I. The MMWA Claim

SHDI seeks judgment in its favor as to the MMWA claim on the ground that the Device is strictly designed for use in a diagnostic laboratory setting, and thus the Device is not the type of consumer product that is normally used for personal, family, or household purposes. See 15 U.S.C. § 2301(1) (providing that the MMWA covers a "consumer product" that is "any tangible personal property which is distributed in commerce and which is normally used for *personal, family, or household purposes* (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)") (emphasis added).[2] MHA argues in opposition that the MMWA is applicable because MHA is a consumer of the product at issue, i.e., the Device, and that SHDI is a warrantor of the Device.

SHDI's argument is correct. The consumer protection afforded by the MMWA does not apply to the MHA in its position as the purchaser or the lessee of the Device.

---

[2] SHDI did not cite any cases issued by any federal court sitting within the Third Circuit in support of this argument in its briefing. (See dkt. 69-1 at 25–26.)

4

The Device has no use in a personal, family, or household setting, and it is used solely for the purpose of providing diagnostic results in a professional healthcare setting. See Rapid Models & Prototypes, Inc. v. Innovated Solutions, No. 14-277, 2015 WL 4914477, at *6–7 (D.N.J. Aug. 18, 2015) (dismissing the MMWA claim brought by a plaintiff who allegedly purchased a malfunctioning three-dimensional printer that was supposed to perform certain tasks that were essential to the operation of the plaintiff's business of creating mass-produced items for sale); Liberty Mut. Ins. Co. v. Freightliner, LLC, No. 13-5543, 2013 WL 6077352, at *2 (E.D. Pa. Nov. 19, 2013) (dismissing the MMWA claim brought on behalf of a plaintiff trucking company concerning an allegedly defective auxiliary air conditioner designed for use in a commercial truck, because it was not a product normally used for personal, family, or household purposes); Trans Hudson Express, Inc. v. Nova Bus Co., No. 06-4092, 2007 WL 1101444, at *7 (D.N.J. April 11, 2007) (dismissing the MMWA claim brought by a plaintiff bus company against the manufacturer of a bus that was built to be used for public transportation, because the bus was "most obviously not normally used for personal, family, or household purposes"). Therefore, the Court grants the part of the motion that seeks relief under Rule 12(c) as to the MMWA claim.[3]

---

[3] The Court's analysis concerning the MMWA claim does not necessarily apply to the NJCFA claim. See Rapid Models & Prototypes, Inc., 2015 WL 4914477, at *11 (dismissing the plaintiff's MMWA claim, but permitting the plaintiff's NJCFA claim to proceed).

## II. The Lanham Act Claims

SHDI seeks judgment in its favor as to MHA's two Lanham Act claims, which concern allegations of false designation of origin and false advertising, because: (1) a cause of action under the Lanham Act is meant to cover disputes between competitors; and (2) MHA is a consumer of SHDI's Device, and is not SHDI's competitor. MHA offers no response to this argument in its opposition brief.[4]

SHDI's argument is correct. MHA is not protected by the Lanham Act in this instance, because even though "in the end consumers also benefit from the [Lanham] Act's proper enforcement, the cause of action is for competitors, not consumers." POM Wonderful LLC v. Coca-Cola Co., 134 S.Ct. 2228, 2234 (2014); see Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1390 (2014) (holding that "[e]ven a business misled by a supplier into purchasing an inferior product is, like consumers generally, not under the [Lanham] Act's aegis").

MHA, in its capacity as a business that was allegedly "hoodwinked into purchasing a disappointing product . . . cannot invoke the protection of the Lanham Act." Id. The "complained-of conduct" involves MHA and SHDI "as purchaser and seller, respectively, and not as competitors," and thus does not give rise to a cause of action for MHA to bring claims for false designation of origin and for false advertising under the Lanham Act. Locus Telecomms., Inc. v. Talk Global, LLC, No. 14-1205, 2014 WL

---

[4] The Court cannot apply a response from MHA concerning the common law unfair competition claim to the Lanham Act claims, because MHA has also failed to offer a response to SHDI's arguments concerning the unfair competition claim.

4271635, at *2–3 (D.N.J. Aug. 28, 2014) (dismissing a Lanham Act claim brought by a commercial re-seller of personal identification numbers that were used to add minutes to prepaid cell phones, against the commercial entity that allegedly sold numbers to the plaintiff that did not function). Therefore, the Court grants the part of the motion that seeks relief under Rule 12(c) as to the Lanham Act claims.

### III. Remaining State Law Claims

#### A. Section 1367(c)(3)

Five of MHA's claims remain — common law unfair competition; NJCFA violation; breach of contract; breach of warranty; and breach of the implied covenant of good fair and fair dealing — all of which are claims under New Jersey state law. Having disposed of MHA's federal claims, the Court may decline to exercise supplemental jurisdiction over the remaining state claims, and may remand the state claims to state court for any further proceedings. See 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which the district court possessed original jurisdiction have been dismissed); see also Beckinger v. Twp. of Elizabeth, 434 Fed.Appx. 164, 170 (3d Cir. 2011) (affirming a judgment wherein a district court, upon finding in favor of the defendants on the federal claims that formed the basis for the removal of the action from state court, remanded the action insofar as it still contained viable state claims to state court). The parties are directed to show cause as to why the Court should not decline to exercise supplemental jurisdiction over MHA's state law claims at this juncture.

**B.     Section 1332**

Subject-matter jurisdiction based upon the alleged diversity of citizenship among the parties was also alleged in the notice of removal. See 28 U.S.C. § 1332. However, diversity of citizenship was not properly pleaded.

SHDI is asserted to be a citizen of both California and New York. (See dkt. 1 at 3 (alleging that SHDI is a California corporation with its principal place of business in New York).) See 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed to be a citizen of the state by which it has been incorporated and of the state where it has its principal place of business).

MHA is merely alleged to be a New Jersey citizen based upon its status as an operator of a New Jersey hospital with an office in New Jersey. (See dkt. 1 at 2.) However, MHA is a limited liability company, and thus it is an unincorporated entity. As a result, MHA is deemed to be citizen of each state in which all of its members are citizens, and not simply the state or states in which it was formed and has its principal place of business. See VICI Racing, LLC v. T-Mobile USA, Inc., 763 F.3d 273, 282 (3d Cir. 2014); see also Americold Realty Trust v. Conagra Foods, Inc., 136 S.Ct. 1012, 1014 (2016) (stating the "metaphysical" rule that "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members"). The name of each member of MHA must be specifically alleged, and the citizenship of each membership layer of MHA must be traced and analyzed, in order to determine MHA's true citizenship. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419–20

(3d Cir. 2010); see also Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 108 n.36 (3d Cir. 2015) (stating that if "diversity jurisdiction" is alleged, then "there is no reason to excuse [an unincorporated association] of its obligation to plead the citizenship of each of its members"). All of MHA's members have not been specifically named, and the citizenship of each member has not been explicitly analyzed.

The Court has been prevented from discerning whether MHA is deemed to be citizen of, among other states, any state of which SHDI is deemed to be a citizen, i.e., California or New York. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant); Caribbean Telecomms. Ltd. v. Guy. Tel. & Tel. Co. Ltd., 594 F.Supp.2d 522, 530 (D.N.J. 2009) (stating that a party is not permitted to select among the multiple "jurisdictional citizenships" of an entity in order to preserve or defeat the diversity-of-citizenship requirement).

A jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004).

Therefore, MHA is directed to assist the Court in determining whether the Court possesses diversity jurisdiction over the action by: (1) specifically listing *all* of the members comprising its membership; and (2) completely analyzing the citizenship of all of its members. See CBS Corp. v. Schindler Elevator Corp., 604 Fed.Appx. 209, 209 (3d

Cir. 2015) (holding that the district court did not possess diversity jurisdiction over the action because diversity of citizenship never existed, and thus the district court lacked the constitutional authority to proceed). MHA must also apprise the Court about its citizenship, both as it existed when MHA originally brought the action and as it currently exists.

An allegation as to where any member of MHA resides, is licensed, or has a place of business will neither properly invoke the Court's jurisdiction nor be responsive to the Court's query concerning citizenship. See McNair v. Synapse Grp. Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating that an allegation concerning a party's residency is "jurisdictionally inadequate" for the purposes of diversity jurisdiction); see also Muchler v. Greenwald, 624 Fed.Appx. 794, 798 n.3 (3d Cir. 2015) (reiterating the same).

MHA must also refrain from asserting confidentiality on behalf of its members, and thus MHA must avoid thwarting the Court's efforts to ascertain whether there is diversity jurisdiction. See Belleville Catering Co. v. Champaign Market Place, 350 F.3d 691, 693 (7th Cir. 2003) (stating such details cannot be kept confidential from the judiciary); see also Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (stating that a party cannot withhold the details of its citizenship from the judiciary); Wonders Trust v. Deaton, Inc., 200 F.R.D. 473, 480 (M.D. Fla. 2000) (admonishing a party for its failure to cooperate with the district court's jurisdictional inquiry, because a party "should not be permitted, through recalcitrance, to prevent this Court from determining its own subject-matter jurisdiction").

### C. The Part of SHDI's Motion Addressing MHA's State Law Claims

The parties are now ordered to show cause why the action should not be remanded to state court: (1) pursuant to Section 1367(c)(3), because subject-matter jurisdiction no longer exists here under Section 1331; and (2) for lack of subject-matter jurisdiction pursuant to Section 1332, because diversity of citizenship among the parties may not exist. Pending the resolution of the Court's concerns relating to subject-matter jurisdiction, the part of SHDI's motion seeking relief pursuant to Rule 12(c) as to MHA's five remaining state law claims is administratively terminated without prejudice.

### CONCLUSION

For the aforementioned reasons, the Court: (1) grants the part of SHDI's motion seeking relief under Rule 12(c) concerning MHA's claims brought pursuant to the Magnuson-Moss Warranty Act and the Lanham Act; (2) administratively terminates without prejudice the part of SHDI's motion seeking relief under Rule 12(c) concerning MHA's claims brought pursuant to state law; and (3) directs the parties to show cause why the remaining state law claims in the action should not be remanded to state court for lack of federal subject-matter jurisdiction.

The Court will enter an appropriate Order, which will include an Order to Show Cause.

JOSE L. LINARES
United States District Judge

Dated: March 2ND, 2017