NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MHA, LLC, d/b/a MEADOWLANDS HOSPITAL MEDICAL CENTER,<br><br>Plaintiff,<br><br>v.<br><br>SIEMENS HEALTHCARE DIAGNOSTICS, INC., et al.,<br><br>Defendants. | CIVIL ACTION NO. 15-1573 (JLL)<br><br>**OPINION & ORDER** |

**LINARES, District Judge**

**IT APPEARING THAT:**

1.      The plaintiff — MHA, LLC, d/b/a Meadowlands Hospital Medical Center (hereinafter, "MHA") — alleges that a particular piece of diagnostic equipment (hereinafter, "the Device") that it leased from the only remaining defendant in the action, Siemens Healthcare Diagnostics, Inc. (hereinafter, "SHDI") failed to properly function soon after SHDI installed the Device at MHA's hospital. Disputes then arose concerning MHA's refusal to renew its contract with SHDI over the Device, and SHDI's subsequent threat to withhold the delivery to MHA of certain necessary reagents and other products.

2.      This action was removed from state court pursuant to the Court's subject-matter jurisdiction based upon a federal question, and based upon diversity of citizenship.

See 28 U.S.C. § 1331; 28 U.S.C. § 1332; 28 U.S.C. § 1441. (See dkt. 1 at 2–4.)[1]

3. Thereafter, SHDI moved pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings in its favor as to all of the claims asserted against it by MHA in the second amended complaint. (See dkt. 69 through dkt. 69-3; dkt. 85.)

4. In an Opinion and an Order entered on March 3, 2017, the Court granted the part of SHDI's motion that concerned the claims asserted by MHA pursuant to federal law, specifically the Magnuson-Moss Warranty Act and the Lanham Act. (See dkt. 87; dkt. 88.)

5. However, the Court: **(a)** administratively terminated the part of SHDI's motion that concerned MHA's remaining claims asserted against SHDI pursuant to state law for unfair competition, violations of the New Jersey Consumer Fraud Act, breach of contract, breach of warranty, and breach of the implied covenant of good fair and fair dealing; and **(b)** directed the parties to show cause why those remaining state law claims should not be remanded to New Jersey state court for lack of subject-matter jurisdiction. See 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction over a state law claim if all of the claims over which the Court possessed original jurisdiction have been dismissed). (See dkt. 87 at 7–11; dkt. 88 at 2.)

6. The Court presumes that the parties are familiar with the factual context and the procedural history of the action, which have been set forth in the aforementioned

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

Opinion. (See dkt. 87.) The Court resolves the issue of a possible remand upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b).

7. MHA supports a remand of the action. (See dkt. 90 through dkt. 90-4.) First, MHA demonstrates that diversity jurisdiction does not exist in this case, because MHA and SHDI are both deemed to be citizens of, among other states, New York. (See dkt. 90 at 9–12; dkt. 90-1 at 2–3; dkt. 90-2 at 2–3; dkt. 90-3 at 1–4; dkt. 90-4 at 1.) See 28 U.S.C. § 1332.

8. Second, because the Court has disposed of MHA's claims that were asserted against SHDI pursuant to federal law, MHA agrees that "the state law claims are best determined in state court at this juncture." (See dkt. 90 at 8.) MHA points out that:

> this case has hardly been litigated on the merits. The parties only exchanged very preliminary discovery on the issues relating to the Preliminary Restraints relating to the sale of reagents. This has now been decided and no substantive discovery has been conducted on the issue of the manufacturing of the [D]evice or the remaining contract claims. . . . The parties have not exchanged discovery, let alone prepared the case for trial. What resources have been expended (for example, in answering the Complaint) are not wholly sunk, but transferable to the State context. State court is the more appropriate forum to litigate the contract and breach of warranty claims.

(Dkt. 90 at 8; see also id. at n.1 (MHA arguing that the actual identity of the manufacturer of the allegedly defective Device at issue in this case "must [still] be uncovered in the

most preliminary levels of discovery," and as a result "this discovery remains incomplete").)

9. SHDI does not contest at this stage in the litigation that diversity jurisdiction does not exist in this case. (Compare dkt. 89 at 7 n.1 (explicitly deferring to MHA on the issue of addressing the existence of diversity jurisdiction in this case), with dkt. 1 at 2–3 (wherein SHDI asserted in the notice of removal that diversity jurisdiction existed in this case), and dkt. 1-8 at 2 (wherein SHDI certified in support of the notice of removal that diversity jurisdiction existed in this case).)

10. However, SHDI opposes the remand of this action nonetheless. SHDI argues that the Court should retain supplemental jurisdiction over the state law claims, even though the federal claims have been disposed of, because: **(a)** the Court is already familiar with the case; **(b)** several conferences have already been conducted; and **(c)** several motions have already been addressed here. Also, SHDI argues that MHA's remaining state law claims are the types of claims that are routinely addressed by federal district courts in New Jersey. (See dkt. 89 at 9–12.)

11. SHDI's arguments in opposition to remand are not persuasive. Although the language of Section 1367(c)(3) suggests that a district court "may" decline to exercise supplemental jurisdiction over any remaining state law claims, the Third Circuit Court of Appeals has fortified that requirement by mandating that a district court "*must*" so decline. Burnsworth v. PC Lab., 364 Fed.Appx. 772, 776 (3d Cir. 2010) (emphasis in the

original) (affirming a district court's decision to remand state law claims after summary judgment on the federal claims was granted).

12. Furthermore, the Third Circuit Court of Appeals has explicitly held that when "the . . . remaining claims are state law claims, judicial economy, convenience and fairness to the parties counsel *against* retaining supplemental jurisdiction over them." Beckinger v. Twp. of Elizabeth, 434 Fed.Appx. 164, 170 (3d Cir. 2011) (emphasis in the original) (affirming a district court's decision to remand state law claims after summary judgment on the federal claims was granted, even though the case had been pending in the district court for two years). Indeed, "the general approach is for a district court to hold that supplemental jurisdiction should not be exercised where there is no longer any basis for original jurisdiction." Triple T Constr. v. Twp. of W. Milford, No. 14-2522, 2017 WL 123434, at *3 (D.N.J. Jan. 12, 2017) (internal quotation marks and citations omitted) (remanding the plaintiff's breach of contract claims that were asserted under state law after disposing of the federal claims on a motion for summary judgment).

13. Despite SHDI's arguments to the contrary, a "[r]emand would serve the goals of judicial economy and comity by allowing the New Jersey courts to apply New Jersey law." Triple T Constr., 2017 WL 123434, at *4; see also Maher Terminals, LLC v. Port Auth. of N.Y. & N.J., 805 F.3d 98, 112 (3d Cir. 2015) (affirming a district court's decision to decline the exercise of supplemental jurisdiction over a state law negligence claim after the federal claims had been dismissed).

**14.** In addition, the fact that more than one year had elapsed between the removal of this case from state court (in March 2015) and SHDI's motion for judgment on the pleadings (in December 2016) is of no moment in this Court's determination that a remand is proper. See Fernandez v. City of Elizabeth, 468 Fed.Appx. 150, 152–53, 155 (3d Cir. 2012) (affirming a district court's decision to remand state law claims after the federal claims were dismissed, even though the action has been litigated in federal court for almost four years).

**15.** Therefore, for the aforementioned reasons, the Court remands the remaining state law claims. For good cause appearing:

**IT IS THEREFORE** on this \_\_\_\_7th\_\_\_\_ day of April, 2017, **ORDERED** that the action is remanded to New Jersey Superior Court, Hudson County; and it is further

**ORDERED** that the Clerk of the Court will designate the action, insofar as it exists in the United States District Court for the District of New Jersey, as **CLOSED**.[2]

JOSE L. LINARES
United States District Judge

---

[2] When a district court disposes of the federal claims in a case that has been removed from state court based upon federal question jurisdiction, "a remand [of the supplemental state claims] generally will be preferable to a dismissal" in order to avoid "work[ing] [an] injustice to the plaintiff," particularly if "the statute of limitations on the plaintiff's state-law claims has [since] expired," and thus "a dismissal w[ould] foreclose the plaintiff from litigating [the] claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351–52 (1988). Furthermore, "a rule that would require federal courts to dismiss a removed case that is not suitable for resolution in a federal court would operate not only to foreclose some plaintiffs from litigating their state-law claims, but also to chill other plaintiffs from bringing their federal-law claims." Id. at 352 n.9. In any event, "a remand may best promote the values of economy, convenience, fairness, and comity," because "[a]ny time a district court dismisses, rather than remands, a removed case involving [supplemental state] claims, the parties will have to refile their papers in state court, at some expense of time and money," and "the state court will have to reprocess the case." Id. at 353; see id. at 352 n.10 (stating that even though "some States have saving clauses that alleviate the statute-of-limitations problem arising from the dismissal of cases . . . the existence of such clauses in some States, while diminishing the reason for remand in particular cases, hardly reverses our general conclusion that the balance of factors to be weighed . . . , considered in light of the range of state statutes of limitations, supports giving federal district courts the authority to remand cases involving [supplemental state] claims").